85 F.3d 638
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Maurice Kristian LEE, Defendant-Appellant.
 No. 95-10381.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 8, 1996.
Decided May 9, 1996.
 
 1
 Before: BROWNING and NOONAN, Circuit Judges, and MERHIGE, Senior District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 A plea bargain is a contract subject to contract law interpretation. United States v. Keller, 902 F.2d 1391, 1393 (9th Cir.1990). Disputed terms are to be determined by objective standards. United States v. Arnett, 628 F.2d 1162, 1164 (9th Cir.1979). The government and Lee did not agree the government would drop the asset forfeiture count; the Plea Agreement explicitly stated that the government would dismiss counts 2-47, and that Lee would not receive "anything not mentioned in this plea memorandum." Moreover, the record establishes the trial court dismissed only counts 2-47, not the asset forfeiture count. Furthermore, a trial on the Asset Forfeiture Provisions of Count One after a guilty plea of the substantive charge contained therein does not constitute double jeopardy, because Lee agreed to a plea bargain that did not obligate the government to dismiss the forfeiture count, and thereby effectively consented to a separate trial of the forfeiture. See United States v. $405,089.23, 33 F.3d 1210, 1216 n. 4 (9th Cir.1994), cert. granted, 116 S.Ct. 762 (1996).
 
 
 4
 AFFIRMED.
 
 
 
 *
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by the 9th Cir.R. 36-3